IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FLAVA WORKS, INC., | ) |
|       Plaintiff, | ) ) ) |
|   v. | )   No. 11 C 6306 |
| LEE MOMIENT, | ) ) ) |
|       Defendant. | ) |

<u>MEMORANDUM ORDER</u>

Lee Momient ("Momient") has filed his self-prepared Answer to the Third Amended Complaint ("TAC") filed against him by Flava Works, Inc. ("Flava"). Although nonlawyers are not of course expected to conform strictly to the same substantive standards as members of the bar, they <u>are</u> obligated to familiarize themselves with, and accordingly to adhere to, the nontechnical requirements (such as type size and formatting) established by court rule. In this instance Momient's pleading violates this District Court's LR 5.2(c), and it is therefore stricken pursuant to LR 5.2(e).

But there are various other problematic aspects of Momient's pleading as well, and on his return to the drawing board he must do better. What is said next in this memorandum order may not be exhaustive, so that Flava's counsel is free to raise other issues after Momient has repleaded. That said, this memorandum order will go forward.

For one thing, Momient's use of the disclaimer permitted by Fed. R. Civ. P. ("Rule") 8(b)(5)(see Answer ¶¶2, 4 through 11 and

18 through 21) is invariably followed by "and, on that basis, denies, generally and specifically, each and every allegation contained therein." That is of course oxymoronic---how can a party that asserts (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in accordance with Rule 11(b)? Hence that assertion must be omitted from Momient's repleading, which shal be filed on or before July 30, 2012.

Nothing further will be said here as to the balance of the Answer itself. It will be left to Flava's counsel to raise any additional issues that appear to pose problems.

Finally, Momient's laundry list of fully 25 (!) purported affirmative defenses ("ADs") is unacceptable. For one thing, several of them are at odds with the basic principle an AD admits all of the allegations in the complaint but then asserts a basis for nonliability or lesser liability (see App'x ¶5 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001)). But more basically Momient must be more selective and informative in compliance with the concept of notice pleading that applies to federal defendants as well as plaintiffs--his everything-but-the-kitchen-sink approach is unacceptable.

                                                           _____
                                                           Milton I. Shadur
                                                           Senior United States District Judge

Date: July 16, 2012