IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FLAVA WORKS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 11 C 6306 |
| LEE MOMIENT, | ) ) ) |
| Defendant. | ) |

MEMORANDUM ORDER

On August 2, 2012, at the scheduled presentment date of the motion noticed up by defendant Lee Momient ("Momient") to vacate the default entered against him on July 24, counsel for plaintiff Flava Works, Inc. ("Flava") failed to appear. This Court found Momient's explanation for his own nonappearance on July 24 to be acceptable, and in the absence of anything to the contrary it granted Momient's motion orally.

But the scope of that grant must not be misunderstood. Momient had accompanied his motion to vacate with a proposed "Defendant's Answer to Plaintiffs [sic] Third Amended Complaint and Affirmative [sic] Defenses and Counterclaims." Because that document violates a number of fundamental pleading principles, leave is <u>not</u> granted to file it.[1]

For one thing, although Momient cites Fed. R. Civ. P.

---

[1] This Court always gives unrepresented parties the benefit of the generous approach set out long ago in <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)(per curiam). But that approach cannot be stretched to the extent that would be called for by Momient's submission.

("Rule") 8(b)(5) when he invokes the disclaimer permitted by that Rule (see Answer ¶¶2, 4 through 11 and 18 through 21),[2] in each instance the disclaimer is followed by the statement "and, on that basis, denies, each and every allegation contained therein, pursuant to FRCP 8(b)(B)(5)[sic]." That is of course oxymoronic--how can a party who asserts (presumably in good faith) that he lacks even enough information to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in accordance with Rule 11(b)? Accordingly the quoted phrase is stricken from each of those paragraphs of the Answer.

But that inappropriate belt-and-suspenders position pales in comparison to Momient's proposed advancement of fully 21 (!) affirmative defenses ("ADs"). Although no view is expressed here as to the viability or nonviability of some of those ADs, this Court calls Momient's attention to the principle underlying Rule 8(c) and the cases construing it, under which an AD must accept the allegations of the opponent's pleading as true and then explain why plaintiff is nonetheless not entitled to recover (and see App'x ¶5 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001)). Moreover, where as here some of the ADs would arguably be dispositive of the lawsuit with the

---

[2] No determination is made or even suggested here as to whether those disclaimers can be made in compliance with the objective good faith required by Rule 11(b). Indeed, a number of them appear to be suspect on that score.

submission of modest documentation, Momient must address such matters early on by noticing up such ADs by a motion coupled with appropriate support.

    Accordingly, the bottom line is that Momient must respond to the Third Amended Complaint on or before August 20, 2012 (with the required courtesy copy being delivered to this Court's chambers). This action has already been scheduled for a status hearing on August 24, and that date will be retained.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 6, 2012