**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

_____

FLAVA WORKS, INC   )

       Plaintiff,       )       CASE NO. 11cv6306

                  )

       v.            )       Judge: Milton Shadur

                  )

LEE MOMIENT       )

       Defendant.     )

                  )

_____

**DEFENDANTS ANSWER TO PLAINTIFFS THIRD AMENDED COMPLAINT AND**

**AFFRIMATIVE DEFENSES AND COUNTERCLAIMS**

## NATURE OF THE ACTION

1.  This is an action for copyright infringement pursuant to the Copyright Act, 17 U.S.C. §

    101 et seq.

    ANSWER: In response to Paragraph 1, DEFENDANT admits that Plaintiff has alleged

    COPYRIGHT INFRINGEMENT, but denies that Plaintiff has any basis in fact or law to

    maintain this action against DEFENDANT. Furthermore, the Plaintiff has no registered

    copyright to enforce under sections 106 and 501 of the act.

## THE PARTIES

2.  Plaintiff is a corporation incorporated under the laws of the State of Florida with its

    principal place of business at 2610 N. Miami Ave., Miami, Florida 33127 and in Chicago,

    Illinois at 933 W. Irving Park Rd., Ste. C, Chicago, Illinois 60613.

    ANSWER: In response to Paragraph 2, DEFENDANT is without knowledge or

    information sufficient to form a belief as to the truth of the allegations contained

    therein.

3.  On information and belief, Defendant, Lee A. Momient, Jr. a/k/a Lee Moment, is an

    individual who resides in the State of Illinois.

    ANSWER: In response to Paragraph 3 DEFENDANT denies, each and every allegation

    contained therein, pursuant to FRCP 8(b)(B)(5). .

**JURISDICTION AND VENUE**

4.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, § 1338 and § 1367; pursuant to the Copyright Act, 17 U.S.C. § 101 et seq.;

    ANSWER: In response to Paragraph 4, DEFENDANT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

5.  Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, in this district.

    ANSWER: In response to Paragraph 5, DEFENDANT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

**FACTUAL BACKGROUND**

6.  Plaintiff is a corporation that produces adult entertainment in the form of DVDs, magazines, websites, pictures, streaming video and various other media.

ANSWER: In response to Paragraph 6, DEFENDANT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

7.  Plaintiff distributes its adult entertainment through various distributors and licensees, as well as through its websites: www.FlavaMen.com, www.CocoDorm.com, www.CocoStore.com, www.PapiCock.com, and www.ThugBoy.com, among others.

    ANSWER: In response to Paragraph 7, DEFENDANT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

8.  Plaintiff is recognized nationally and internationally as a leader in the field of production and distribution of adult entertainment due, in large part, to the goodwill and name recognition associated with its trademarks, as well as the high quality content that is associated with its copyrighted material.

    ANSWER: In response to Paragraph 8, DEFENDANT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

9.  Plaintiff owns an image of "Antoine" and "Terry" that is the subject of this litigation. A screenshot of the image from Plaintiff's website attached as Exhibit "A". Exhibit "A", a

screenshot of the image, has been redacted. The redaction may make it difficult to see the entire screenshot. However, Plaintiff will tender an unredacted copy upon request. It is an image of the two Flava Works' models with the stage names "Antoine" and "Terry". On information and belief, the image depicts two African-American male models in sexual behavior.

ANSWER: In response to Paragraph 9, DEFENDANT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

10. The aforesaid image of "Antoine" and "Terry" are part of a group of images taken at a photo shoot of the two models. Plaintiff's owns the copyrights to the aforesaid group of images. Plaintiff will tender a complete set of the still images to Defendant, upon request.

ANSWER: In response to Paragraph 10, DEFENDANT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

11. On information and belief, some of the aforesaid still images of "Antoine" and "Terry", including the image in Exhibit "A", were used on Flava Works, Inc.'s websites, Cocoboys.com and/or Thugoy.com.

ANSWER: In response to Paragraph 11, DEFENDANT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

12. Defendant was retained by Flava Works to perform work as an independent contractor. After this business relationship ended, Defendant started a number of competing websites, including www.HypnoThugs.com and www.HouseinTheHood.com.

ANSWER: In response to Paragraph 12, DEFENDANT denies, each and every allegation contained therein, pursuant to FRCP 8(b)(B)(5). .

13. On information and belief, Defendant was attempting to build a website very similar to the websites of the Plaintiff. Plaintiff's websites focused on images and videos depicting gay adult African-American males in sexual behavior.

ANSWER: In response to Paragraph 13, DEFENDANT denies, each and every allegation contained therein, pursuant to FRCP 8(b)(B)(5). .

14. On information and belief, Defendant, without Flava Works' permission, authorization and/or approval, used the aforesaid Flava Works' copyrighted still image of "Antoine" and "Terry"—as seen in the screenshot marked as Exhibit "A"-- in connection with Defendant's commercial website. See attached Exhibit "B" for a screenshot of Defendant's commercial website. The screenshot was taken on or about September 12,

2008.

ANSWER: In response to Paragraph 14, DEFENDANT denies, each and every allegation contained therein, pursuant to FRCP 8(b)(B)(5). .

15. In the upper right hand corner of the screenshot of Defendant's commercial website is the Flava Works' copyrighted image. The image has been redacted. The redaction may make it difficult to see the entire screenshot. Plaintiff will tender a copy of an unredacted copy upon request.

ANSWER: In response to Paragraph 15, DEFENDANT denies, each and every allegation contained therein, pursuant to FRCP 8(b)(B)(5). .

16. A close-up of the Flava Works' copyrighted imaged posted on Defendant's website is attached as Exhibit "C". The image has been redacted. The redaction may make it difficult to see the entire screenshot. Plaintiff will tender a copy of an unredacted copy upon request.

ANSWER: In response to Paragraph 16, DEFENDANT denies, each and every allegation contained therein, pursuant to FRCP 8(b)(B)(5). .

17. Defendants' website is hyperlinked to a registration site where individuals must pay for access to Defendants' website.

ANSWER: In response to Paragraph 17, DEFENDANT denies, each and every allegation contained therein, pursuant to FRCP 8(b)(B)(5). .

18. As a general matter, a plaintiff asserting copyright infringement must prove: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. Schrock v. Learning Curve Int'l, Inc., 586 F.3d 513, 517 (7th Cir. Ill. 2009).

ANSWER: In response to Paragraph 18, DEFENDANT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. Furthermore, the Plaintiff has no registered copyright to enforce under sections 106 and 501 of the act and as such has not met the burden of ownership of a valid copyright as alleged in Plaintiffs paragraph 18.

19. Federal courts have historically applied a generous standard of originality in evaluating photographic works for copyright protection. In some cases, the original expression may be found in the staging and creation of the scene depicted in the photograph. But in many cases, the photographer does not invent the scene or create the subject matter depicted in it. Rather, the original expression he contributes lies in the rendition of the subject matter--that is, the effect created by the combination of his choices of perspective, angle, lighting, shading, focus, lens, and so on. Most photographs contain at least some originality in their rendition, Schrock v. Learning Curve Int'l, Inc., 586 F.3d 513, 519 (7th Cir. Ill. 2009).

ANSWER: In response to Paragraph 19, DEFENDANT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. Furthermore, the Plaintiff has no registered copyright to enforce under sections 106 and 501 of the act.

20. Photographs used in advertising or other purpose may still be protected by copyright. A picture is none the less a picture, and none the less a subject of copyright. A party who holds a copyright on a picture or image is entitled to enforce the copyright laws against unauthorized copying that is not protected by a defense. Batesville Servs. v. Funeral Depot, Inc., 2004 U.S. Dist. LEXIS 24336, 23-24 (S.D. Ind. Nov. 10, 2004)

ANSWER: In response to Paragraph 20, DEFENDANT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. Furthermore, the Plaintiff has no registered copyright to enforce under sections 106 and 501 of the act.

21. A copyright owner can sue for his losses or for the infringer's profits, but not for the sum of the two amounts. Bucklew v. Hawkins, Ash, Baptie & Co., LLP, 329 F.3d 923, 931 (7th Cir. Wis. 2003)

ANSWER: In response to Paragraph 21, DEFENDANT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained

therein.

22. In this case, Plaintiff owns the copyrighted image of "Antoine" and "Terry" marked as

Exhibit "A". Defendant, without permission of Plaintiff, copied the aforesaid image of

"Antoine" and "Terry" and used it for his own website.

ANSWER: In response to Paragraph 22, DEFENDANT denies, each and every allegation

contained therein, pursuant to FRCP 8(b)(B)(5). .

## COUNT I

### (Direct Copyright Infringement– 17 U.S.C. § 501.)

23. 1-22. Plaintiff incorporates and re-alleges paragraphs 1-14 of this Complaint as

paragraphs 1-22 of Count I.

ANSWER: In response to Paragraph 23, DEFENDANT incorporates by reference its

responses to Paragraphs 1-22 of the Complaint as paragraphs 1-22 of DEFENDANTS

response to count I.

24. Defendant's conduct interfered with Plaintiff's exclusive right to reproduce, distribute

and display the copyrighted works.

ANSWER: In response to Paragraph 24, DEFENDANT denies, each and every allegation

contained therein, pursuant to FRCP 8(b)(B)(5). . Furthermore, the Plaintiff has no registered copyright to enforce under sections 106 and 501 of the act.

25.  Defendant's conduct constituted copyright infringement that this Court may remedy under Sections 106 and 501 of the Copyright Act.

ANSWER: In response to Paragraph 25, DEFENDANT denies, each and every allegation contained therein, pursuant to FRCP 8(b)(B)(5). . Furthermore, the Plaintiff has no registered copyright to enforce under sections 106 and 501 of the act.

26. As a result of the injury suffered by Plaintiff's business from Defendant's actions of direct copyright infringement, Plaintiff is entitled to recover actual damages, which shall be determined at trial, and costs of this action, as well as injunctive relief to prevent future infringement.

ANSWER: In response to Paragraph 26, DEFENDANT denies, each and every allegation contained therein, pursuant to FRCP 8(b)(B)(5). . Furthermore, the Plaintiff has no registered copyright to enforce under sections 106 and 501 of the act.

WHEREFORE Plaintiff, Flava Works, Inc. respectfully requests that this Honorable Court enter a judgment in its favor of Plaintiff, Flava Works, Inc. and against the Defendant, Lee A. Momient, Jr., a/k/a Lee Moment for actual damages or for the infringer's profits (but not both) and costs.

ANSWER: DEFENDANT denies Plaintiff is entitled to a judgment or any other relief requested in his prayer for relief following Paragraph 26 of the Complaint. Furthermore, the Plaintiff has no registered copyright to enforce under sections 106 and 501 of the act.

## DEFENDANTS AFFRIMAIVE DEFENSES

As and for affirmative defenses to the claims in PLAINTIFFS THIRD Amended Complaint, and based on the knowledge and information available to them to date, the DEFENDANT is informed and believes and based thereon allege as follows:

**FIRST AFFIRMATIVE DEFENSE**

**STATUTE OF LIMITATIONS**

Defendant states that the plaintiff's claim in Count I for copyright infringement is barred by §507(a) of the Copyright Act, 17 U.S.C. §507(a), which provides that no civil action shall be maintained under the provisions of Title 17 unless it is commenced within three years after the claim accrued. 17 U.S.C. §507(a).

Under §507(a), plaintiff had until March of 2011 to assert a claim for copyright infringement.

**SECOND AFFIRMATIVE DEFENSE**

**LICENSE**

Defendant states that plaintiff granted defendants a gratis oral license and/or an implied license to use several videos and photographs. If any of the alleged images are used as a part of the defendants' website the image is likely to be a licensed image.

**THIRD AFFIRMATIVE DEFENSE**

**WAIVER**

Defendant states that plaintiff's claims are barred by the doctrine of waiver. By the conduct and actions relating to each of the alleged causes of action stated in the Complaint, plaintiff has waived all claims, if any, against defendants.

Defendant states Plaintiff cannot recover as Plaintiff has waived, abandoned or forfeited any rights previously held under the Copyright Act, surrendered by operation of law.

**FOURTH AFFIRMATIVE DEFENSE**

**LACHES**

Defendant states that plaintiff's claims are barred by the doctrine of laches because plaintiff failed to timely notify defendant of the alleged claims and any alleged damages purportedly suffered by plaintiff, thereby preventing defendants from having a timely opportunity to investigate and/or mitigate damages, if any, resulting from plaintiff's alleged claims, although defendants deny having a duty to so investigate and/or mitigate any such damages.

The action is barred by the doctrine of Laches, as Plaintiff made no attempt to enjoin the use of the subject photographs and/or images, which they complain of, and thus have allowed Defendants to continue to use the photographs and/or images for a substantial time as may have been made freely available by Plaintiff to Defendant for a licensed purpose. Plaintiff's inaction or ineffectiveness in preventing the use of the photographs and/or images over the years, has allowed Defendants to justifiably assume that any such use was a completely legal practice. Plaintiff is therefore guilty of laches and Plaintiff's delay and inaction in allowing such use was inexcusable and prejudicial to Defendants by reason of their change of position in reliance as a result of Plaintiff's delay.

**FIFTH AFFIRMATIVE DEFENSE**

**No Direct Financial Benefit**

Defendant states Plaintiffs' claims are barred because DEFENDANT did not obtain a direct financial benefit from the alleged primary infringement.

**SIXTH AFFIRMATIVE DEFENSE**

**Other Affirmative Defenses Based on Later Discovered Evidence**

Defendant states that Defendant reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Copyright Laws of the United States and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

**SEVENTH AFFIRMATIVE DEFENSE**

**Failure to Mitigate Damages**

If any images of the Plaintiffs were used on the Defendants' website and in violation of the copyright act, the Plaintiff became aware of such use in 2004. Defendant states Plaintiffs' claims are barred due to Plaintiffs' failure to mitigate damages.

**EIGHTH AFFIRMATIVE DEFENSE**

**Failure to Register**

Defendant states Plaintiffs' claims are barred in whole or part to the extent that Plaintiffs have not properly or timely registered their works with the U.S. Copyright Office.

This court lacks jurisdiction to adjudicate this case as the subject copyrights were not properly registered.

Defendant states Plaintiffs ' claims is barred for lack of subject matter jurisdiction because Plaintiff lacks valid registrations for the intellectual property rights asserted.

**NINTH AFFIRMATIVE DEFENSE**

**Estoppel**

Defendant states Plaintiff's action is barred by Estoppel, in that, although Plaintiff knew the facts concerning any alleged use by Defendants of the subject photographs and/or images, Plaintiff acted in such manner that Defendants were entitled to, and did, believe that the continued availability of the photographs and/or images were intended by Plaintiff, and any use thereof were induced by, and done in reliance on, Plaintiff's conduct.

**TENTH AFFIRMATIVE DEFENSE**

**De Minimus**

Defendant states the alleged amount of any possible infringement was so small in comparison to the entire work and so minor a part of the alleged inclusion in the infringing work so as to be de minimus and such inclusion has not damaged the plaintiff.

**WHEREFORE**, Defendant Lee Momient prays as follows:

(1) That Plaintiff takes nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2) For costs of suit herein incurred; and

(3) For such other and further relief as the Court may deem just and proper.

## COUNTERCLAIMS

For its counterclaims against FLAVA WORKS, INC, Defendant alleges as follows:

## PARTIES

1. According to the complaint Plaintiff is a corporation incorporated under the laws of the State of Florida with its principal place of business at 2610 N. Miami Ave., Miami, Florida 33127.

2. According to complaint, FLAVA WORKS, has an office in Chicago, Illinois at 933 W. Irving Park Rd., Ste. C, Chicago, Illinois 60613.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338, and 2202.

4. Venue for these counterclaims is proper within this district under at least 28 U.S.C. § 1391.

6. This Court has personal jurisdiction over FLAVA WORKS, INC because FLAVA WORKS, INC has submitted itself to the personal jurisdiction of this Court by commencing this action.

**COUNT ONE**

**DIRECT COPYRIGHT INFRINGMENT**

7. Defendant incorporates and re-allege the allegations of paragraphs 1--6 of these counterclaims.

8. Defendant owns a properly registered copyright to images and video under registration number PA0001290077.

9. The Defendants was issued a registration number on 2005-07-14.

10. Upon information and belief the defendant applied for the registration number 2 months prior to the issuance of the registration.

11. The Plaintiff used the video and images of the Defendant in its own websites and on a DVD entitled DORM LIFE 5.

12. Defendant had issued several warnings to the Plaintiff to Cease and Desist sales and Distribution of the Dorm Life 5 DVD.

13. Upon information and belief Plaintiff has willfully continued to sell the Dorm Life 5 DVD up to and including this very day.

14. Plaintiff's conduct interfered with Defendant's exclusive right to reproduce, distribute and display the copyrighted works.

15. Plaintiff's conduct constituted copyright infringement that this Court may remedy under Sections 106 and 501 of the Copyright Act.

16. As a result of the injury suffered by Plaintiff's business from Defendant's actions of direct copyright infringement, Plaintiff is entitled to setoff; recovery of actual and/or statutory damages, which shall be determined at trial; and costs of this action, including reasonable attorney's fees, as well as injunctive relief to prevent future infringement.

17. WHEREFORE DEFENDANT, LEE MOMIENT. Respectfully requests that this Honorable Court enter a judgment in its favor of DEFDNANT, LEE MOMIENT and against the Plaintiff, FLAVA Works, Inc. for setoff; actual or statutory damages, punitive damages, costs, and reasonable attorneys' fees and for injunctive relief enjoining Plaintiff from further sales and distribution of Defendants Copyrighted work.


**JURY DEMANDED**


Defendant request a jury trial on all issues so triable.

**DEFENDANTS' DEMAND FOR ATTORNEYS' FEES AND COSTS**

Defendants request that they be awarded their reasonable attorneys' fees pursuant to 17

U.S. C. § 505 and 15 U.S. C. § 1117 (a) and all other relevant federal and state statutes, for

having to defend this matter when it has not been brought in good faith. Plaintiff is aware

that its allegations are false, but has filed suit only for the purpose of harassing the

Defendant.


Respectfully submitted,

By: /s/LEE MOMIENT

p.o. box 608082

Chicago, IL 60660

AUGUST 20, 2012