# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **FLAVA WORKS, INC.**, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 11 C 6306 |
| **LEE A. MOMIENT, JR**. a/k/a **Lee Moment**, | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM ORDER

This Court's most recent ruling in this copyright infringement case, a memorandum opinion and order ("Opinion") issued on April 16, referred to it as a "pitched battle between two competing producers and purveyors of truly hardcore pornographic materials." Although it might have been too much to expect litigants who are engaged in that dubious business for a living to play by the Marquis of Queensberry rules in conducting their litigation, both sides have regrettably outdone themselves in terms of violating the standards of subjective and objective good faith demanded of all litigants.

As the Opinion explained at some length, the then most recent development in the case had been a showing that plaintiff Flava Works, Inc. ("Flava") had forged a document that it sought to advance in an effort to defeat the copyright counterclaim brought against it by defendant Lee Momient, Jr. ("Momient"). But not to be outdone, Momient has now weighed in with a document captioned "Special Matter Rule 9(b)" that, despite this Court's stern warning at the time of the most recent status hearing, proceeded to level charges that sought to ascribe

culpability to Flava's lawyer Meanith Huon ("Huon") as well as to its principal Phillip Bleicher.

Nothing that has transpired in this action even approaches justifying Momient's ad hominem attack on attorney Huon. Yet paragraphs 13 and 14 of his current filing advance these totally unsupported charges:

> 13. Upon information and belief, Huon has shown that he will suborn perjury of Flava Employee's and Phillip Bliecher [sic] with regard to the forgery.
>
> 14. Upon information and belief, this matter reveals that Phillip Bleicher and Meanith Huon intend to act with malice and willful intent to further frustrate the functions of the Court with regard to the fraudulent Forged documentation submitted to the Court.

Although "upon information and belief" is a familiar phrase that may roll off the tongue easily, those terms are <u>not</u> like a two-horse entry bearing numbers "1" and "1A." "Belief" may be purely subjective, but "information" is not, and even in the face of this Court's repeated cautions Momient has persisted in making accusations against Huon despite having a total lack of information to support those accusations (to say nothing of knowledge, which for example also forms part of the required elements for Fed. R. Civ. P. ("Rule") 8(b)(5) disclaimers).

At the conclusion of the Opinion this Court cautioned Momient that he was not home free as to his copyright counterclaim -- it remained possible, despite the lack of authenticity of Flava's forged "work for hire" document, that Momient's earlier employment with Flava had entitled the latter to the ownership of (and hence the copyrights in) the disputed images as a matter of fact or law or both. But Momient's current conduct has gone over the top, well beyond whatever questionable tactics he has previously employed. This current filing flouts the standards imposed by Rule 11(b)(1) and (3) on unrepresented parties as well as attorneys.

These litigants, Flava and Momient, appear to deserve each other (unlike Momient, this Court continues to be circumspect in not placing Flava's conduct at its lawyer's doorstep without any basis for doing so). Under all of the circumstances, an appropriate sanction for Momient's ongoing conduct is the dismissal of his counterclaim, to be coupled with the previously contemplated dismissal of Flava's claim. This action is dismissed in its entirety.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 30, 2013